IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY ALLEN WHITE, )
)
    Plaintiff, )
) NO. 3:06-0335
v. ) JUDGE HAYNES
)
CORRECTIONAL MEDICAL )
SERVICES, et al., )
)
    Defendants. )

## MEMORANDUM

Plaintiff, Jeffrey Allen White, filed this action under 42 U.S.C. § 1983 against numerous Defendants including: Correctional Medical Services, Ricky J. Bell, Leonard P. Lococo, Gil Mathis, David O'Rear, Quenton White and Casey Arney, a psychiatrist. Plaintiff asserts Eighth Amendment claim for denial of medical care.

Before the Court are the following motions: (1) Plaintiff's motion for discovery (Docket Entry No. 36); (2) Defendants' motion to dismiss (Docket Entry No. 39 and 44). The Defendants' motions argue that Plaintiff has not exhausted his administrative remedies in the State's grievance procedure and his claims must be dismissed.

The State Defendants attached a copy of Plaintiff's grievance filings (Docket Entry No. 40, Attachment No. 2 thereto). Plaintiff's grievance papers do not reflect his claims against Defendants Bell, Lococo, Mathis, O'Rear and White. The Plaintiff's grievance named the following individuals: Dr. Alexander, Betty Jean Rhodes, Mohommad Ressakhi, David Sehorn, Warden Robert Waller and Howard Cook. Id. at Exhibit 1, p. 5.

Plaintiff's grievance alleged the failure to treat his hepatitis with adequate medication, his

alleged inability to sign up for sick call, and the institution's alleged denial of a liver biopsy. As Defendants note, Plaintiff's complaint asserts that they failed to treat his hepatitis with adequate medication, denied him a liver biopsy, denied him a vaccination for hepatitis, and failed to provide treatment for the mental health issues related to his illness.

Under the Prison Litigation Reform Act ("PLRA") it provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 lawsuit. Porter v. Nussle, 534 U.S. 516, 524 (2002); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). In Porter, the Supreme Court held that the PLRA exhaustion requirement in § 1997e applies to all prisoners seeking redress for prison circumstances or occurrences and is mandatory. 516 U.S. at 524.

Under the PLRA, a prisoner bears the burden to establish his exhaustion of administrative remedies and if practicable, the prisoner must attach documentation to his complaint. Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005). Further, the prisoner must name each defendant who is named in his action and present the same claims in his grievance as in his legal action. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001).

Here, Plaintiff's complaint raises claims that were not raised in his grievance and names Defendants who were not mentioned in his grievance. Because the Plaintiff has not demonstrated exhaustion of his administrative remedies with regard to Defendants Bell, Lococo, Mathis, O'Rear, White and Arney, the Plaintiff's complaint should be dismissed as to these Defendants. Moreover, Plaintiff does not challenge Arney's assertion that as a psychiatrist, he lacked any role in the

Plaintiff's cited medical condition in his complaint.

An appropriate Order is filed herewith.

**ENTERED** this the \_\_7th\_\_ day of August, 2006.

*William J. Haynes, Jr.*
WILLIAM J. HAYNES, JR.
United States District Judge